IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Peak Property and Casualty Insurance Corporation, | ) ) ) | C/A No. 3:12-1689-JFA-PJG |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **ORDER AND REPORT AND RECOMMENDATION** |
| Thomas Davis and Charles Taylor, | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

The plaintiff, Peak Property and Casualty Insurance Corporation ("Peak"), filed this insurance dispute pursuant to 28 U.S.C. § 2201 seeking a declaration of rights regarding coverage of an automobile liability insurance policy ("Policy") issued by Peak to Thomas Davis ("Davis"). Charles Taylor ("Taylor") filed a counterclaim against Peak raising state law claims. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on cross motions for summary judgment filed by Taylor (ECF No. 31) and Peak (ECF No. 32). In light of Peak's motion, pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), the court advised Taylor and Davis, who are both self-represented, of the summary judgment and dismissal procedures and the possible consequences if they failed to respond adequately to the plaintiff's motion. (ECF No. 36.) Peak and Taylor filed responses, replies, and sur-replies to the dispositive motions. (ECF Nos. 43, 45, 47, 49, 50, 51, 53, 54, 82, & 86.)[1] Davis

---

[1] The court observes that some of these documents were replies to sur-replies and were filed without leave of court. (<u>See</u> ECF Nos. 51, 54, 82, 86.) The Local Rules make no provision for sur-replies. Further, under Local Civil Rule 7.07 DSC, "[r]eplies to responses are discouraged." Taylor's filings following docket entry 51 that pertain to these motions are merely unauthorized supplements to his earlier filings and are not properly before the court.



did not respond to the motions.[2] Taylor has also filed a motion to dismiss this action (ECF No. 75), to which Peak responded. (ECF No. 80.)

Also pending before the court are Taylor's motion to amend his Answer and Counterclaim (ECF No. 30), Taylor's motion to declare that a judgment entered by the state court was entered in Taylor's favor (ECF No. 52), motions relating to discovery (ECF Nos. 68, 70, & 71), Taylor's motion to "Declare Lana Dawson's Affidavit For Peak; All Therein Was not/Could Not Be Made On Personal Knowledge-Information As Claimed By Dawson" (ECF No. 73), and Taylor's motion for mediation (ECF No. 84). Having carefully reviewed the parties' submissions and the applicable law, the court finds that Peak's motion for summary judgment should be granted (ECF No. 32) and Taylor's motion for summary judgment and motion to dismiss should be denied (ECF Nos. 32 & 75).

## BACKGROUND[3]

The record indicates the following relevant background. This matter arises out of an accident that occurred on September 7, 2007 when Davis, driving a Budget Rental moving truck, allegedly hit Taylor's vehicle, causing Taylor's vehicle to hit a third vehicle. Taylor initiated a state court action in Richland County, South Carolina, Case No. 2007-CP-40-8423, against Davis. Davis, proceeding *pro se*, filed an affidavit in state court admitting to liability and extending an offer of the limits of his liability insurance with Budget Rental—which he purported to be $1,000,000—to Taylor in exchange for an agreement to dismiss the civil action. It appears that Peak, with whom

---

[2] Davis filed an Answer essentially taking no position in this matter and referencing an agreement in which he assigned his rights to Taylor. (ECF No. 9.)

[3] Additional background may be gleaned from Taylor v. State Farm Fire & Cas. Co., C/A No. 3:12-1838-CMC-PJG, an action where Taylor is seeking underinsured motorist coverage from his automobile insurance policy for the same incident.



Davis had an automobile liability insurance policy, and Budget each retained counsel to defend Davis. Davis vehemently informed the court that these individuals did not represent him. Further, Davis accepted an offer of judgment from Taylor for $1,500,000. In November 2008, Taylor reached a settlement agreement with Budget Rental for $25,000 in exchange for a covenant not to execute against Davis; however, the agreement indicated that Taylor could pursue other applicable liability coverage. On March 13, 2009, the state court relieved the lawyers hired by Peak to defend Davis. On June 19, 2009, Taylor obtained an uncontested judgment against Davis in the amount of $1,500,000. Taylor's automobile liability insurance carrier, State Farm, from which Taylor seeks underinsured motorist coverage, filed a motion to set aside the judgment, which was granted on January 20, 2010. Following a jury trial, on May 17, 2011 a jury returned a verdict for Taylor in the amount of $615, which the court deemed satisfied by the $25,000 paid by Budget Rental. Taylor appealed. Thereafter, Davis confessed to a judgment in favor of Taylor for $1,735,000 and Taylor sought and received dismissal of the appeal. On July 17, 2012, the state court then entered a judgment in the amount of $1,735,000 against Davis personally. Taylor alleges that he has appealed this judgment.

Peak filed this action alleging that Davis breached the terms of the Policy by refusing to cooperate with the attorney Peak hired to defend him and by entering into an agreement with Taylor first confessing judgment for $1,500,000 and later for $1,735,000. Peak argues that this confession of judgment violates public policy as collusive and unreasonable, especially considering that the jury awarded Taylor $615. Moreover, Peak argues that notwithstanding Davis's lack of cooperation, the Policy does not extend coverage for this accident because the moving truck Davis was driving did

not meet the definition of car for coverage under the Policy. Therefore, Peak seeks a judicial declaration that

> (1) Peak has no duty to defend or indemnify Davis with respect to Taylor's claims; (2) any and all confessions of judgments and other agreements entered into between Taylor and Davis are void as against public policy because they are collusive and unreasonable; and (3) the covenant not to execute executed by Taylor precludes recovery by Taylor under the Policy.

(Compl. ¶ 45, ECF No. 1 at 7.)

Defendant Taylor has filed a counterclaim against Peak alleging that coverage was denied in bad faith, raising claims of breach of the implied covenant of good faith and fair dealing and breach of contract. Peak has moved for summary judgment on all claims and Taylor has moved for summary judgment on his counterclaims.

## DISCUSSION

### A.     Summary Judgment Standard

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party.



See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248. The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322.

**B.     Peak's Coverage and Taylor's Counterclaims**

Peak argues that it "is entitled to a judicial declaration that there is no coverage under the subject policy for any claims asserted by Taylor against Davis because the Court in the underlying action held that Taylor's damages were only $615.00 and because the primary liability insurer [Budget Rental] has already paid $25,000.00 toward these damages." (ECF No. 32 at 1) (internal citations omitted). Taylor seeks the policy limits on Davis's insurance policy with Peak and the amount of the judgment agreed to by Taylor and Davis and entered against Davis: $1,725,000. In support of his position, Taylor appears to argue that Peak improperly sought to have Davis offer false statements; failed to accept Taylor's settlement offers that were within the policy limits; and waived its argument that coverage was denied by sending its official denial letter five years after the accident.

It appears that the crux of the issues before the court is the parties' dispute of whether Taylor has an outstanding award of damages that Peak, as Davis's excess insurance carrier in this incident, is obligated to pay. The parties appear to agree that Budget Rental paid Taylor $25,000 to settle



Taylor's claims against them. Peak, relying on the verdict reached by the jury of $615, argues that the excess coverage was never triggered as there is no valid judgment obtained against Davis in excess of the $25,000 paid by Budget Rental. See Horace Mann Ins. Co. v. Gen. Star Nat. Ins. Co., 514 F.3d 327, 334 (4th Cir. 2008) ("[T]he general rule is that as between a true excess policy and a primary liability policy with an other-insurance clause, the limits of the policy that provides primary insurance must *always* be exhausted before coverage under the excess policy is triggered."); Macloskie v. Royal Indem. Co., 254 F. Supp. 782, 792 (D.S.C. 1966) ("State Farm has no responsibility to defend plaintiff with its liability being brought into play only by judgments being obtained against plaintiff in excess of Royal Indemnity's coverage to plaintiff under its policy."). Contrarily, Taylor relies on the judgment entered by the state court on July 17, 2012 in the amount of $1,735,000 against Davis personally to trigger Peak's coverage. Notably, the state court order includes a statement that "[b]ecause the damages in this case were found by a jury to be $615, Plaintiff's recovery from [his underinsured motorist carrier] cannot exceed that amount." (ECF No. 32-2 at 5.) However, Taylor later argues that he has appealed that state court order.

Upon review of the parties' filings and arguments, the court finds no evidence of a valid judgment in excess of $615 that Peak is obligated to indemnify. The Fourth Circuit has held that a confession of judgment which the insured would never pay was unreasonable and invalid, because "an insured should not be allowed to seek indemnity from a liability carrier for '*amounts that the insured does not expect to pay out of its own resources*.' " Stonehenge Eng'g Corp. v. Employers Ins. of Wausau, 201 F.3d 296, 306 (4th Cir. 2000) (emphasis in original) (quoting Hitt v. Cox, 737 F.2d 421, 426 (4th Cir. 1984)).

With regard to Taylor's counterclaims for breach of contract and breach of the duty of good faith and fair dealing, the general rule under South Carolina law is that "[a] tort action for an insurer's bad faith refusal to pay benefits does not extend to third parties who are not named insureds." Kleckley v. Nw. Nat. Cas. Co., 526 S.E.2d 218, 219 (S.C. 2000). Moreover, as pointed out by Peak, "[t]he Fourth Circuit, applying South Carolina law, has held that a settlement agreement between an insured and an injured party in which the insurer remains liable while the insured is insulated from any personal liability is presumptively unreasonable and therefore invalid." St. Paul Travelers v. Payne, 444 F. Supp. 2d 519, 521 (D.S.C. 2006); see also Hitt, 737 F.2d at 426 (concluding settlement agreement which assigned claims against insurer and insulated insured from liability "patently unreasonable"). Davis signed a confession of judgment for $1,735,000 (see, e.g., ECF No. 43-1) and subsequently assigned his rights and claims against Peak to Taylor, which included an agreement not to hold the insured personally liable while maintaining purported liability against the insurer (ECF No. 48-1). Accordingly, this assignment is presumptively unreasonable and invalid. Therefore, Taylor's counterclaims fail as a matter of law.[4]

### ORDER AND RECOMMENDATION

Based on the foregoing, the court recommends that Peak's motion for summary judgment be granted (ECF No. 32) and Taylor's motion for summary judgment and motion to dismiss be denied (ECF Nos. 31 & 75). Further, the court recommends the entry of a judgment declaring that (1) Peak has no duty to defend or indemnify Davis with respect to Taylor's claims; (2) any and all confessions of judgments and other agreements entered into between Taylor and Davis are void as against public

---

[4] Taylor has filed a motion to amend his counterclaims, which does not seek to add any additional claims. (ECF No. 30.) Rather, it appears to offer additional factual assertions and arguments. Based on the foregoing, this motion is denied as futile.



policy because they are collusive and unreasonable; and (3) the covenant not to execute executed by Taylor precludes recovery by Taylor under the Policy.  Further, it is ordered that Taylor's motion to amend his counterclaims (ECF No. 30) is denied as futile because the proposed amendment does not alter this court's recommendation on the parties' motions.  Further, in light of these recommendations, the remaining motions should be terminated (ECF Nos. 52, 68, 70, 71, 73, 77, & 89).

                                                                                          _____
                                                                                          Paige J. Gossett
January 21, 2013                                                         UNITED STATES MAGISTRATE JUDGE
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).