IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Peak Property and Casualty<br>Insurance Corporation,<br><br>      Plaintiff,<br><br>v.<br><br>Thomas Davis and Charles Taylor,<br><br>      Defendants. | C/A No.: 3:12-1689-JFA<br><br><br>ORDER |

    Plaintiff Peak Property and Casualty Insurance Corporation (Peak) brings this action pursuant to 28 U.S.C. § 2201 seeking a declaration of rights regarding an automobile liability insurance policy Peak issued to Thomas Davis. This action arises out of an accident that occurred on September 7, 2007, when Davis, driving a Budget Rental moving truck, allegedly hit Charles Taylor's vehicle and caused Taylor personal injuries. Davis Answered in this case and asserted that he had no interest in this case, having assigned his rights to Taylor. Taylor also Answered in this case and filed counterclaims against Peak for breach of contract and bad faith. Both Davis and Taylor are self-represented.

    This matter is before the court on Peak's motion for summary judgment on its claims and on Taylor's counterclaims, on Taylor's motion for summary judgment on his counterclaims, and on Taylor's motion to dismiss.[1] *See* ECF Nos. 31, 32, and 75. The Magistrate Judge assigned to this action[2] has prepared a Report and Recommendation wherein she recommends that this court

---

[1] A variety of other motions are also pending in this case, including Taylor's motion to amend his Answer and Counterclaim, ECF No. 30, two of Taylor's motions to declare, ECF Nos. 52, 73, several discovery-related motions, ECF Nos. 68, 70, and 71, and Taylor's motion for mediation, ECF No. 84.

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight,

1

grant Peak's motion for summary judgment and deny Taylor's motions for summary judgment and to dismiss.[3]  The Report and Recommendation sets forth the relevant facts and standards of law in this matter, and the court incorporates such without a recitation.[4]  Taylor was advised of his right to file objections to the Report and Recommendation.  Taylor filed extensive objections to the Report, and thus this matter is ripe for review.

*Peak's Claims*

Although Peak advanced a number of independent grounds on which it asserted that it is entitled to summary judgment, the Magistrate Judge decided Peak's motion based on what she perceived to be the "crux of the issues before the court"—whether Peak's coverage to Davis was even triggered in the underlying case.  More particularly, as the owner of the vehicle Davis was driving at the time of the accident, Budget Rental paid Taylor $25,000 for a covenant not to execute against Davis personally.  Peak's policy, to the extent it provides coverage to the accident, is excess insurance.  *See N.C. Farm Bureau Mut. Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 403 S.E.2d 151, 152 (S.C. Ct. App. 1991).  However, the jury only awarded Taylor $615 in damages, and the state court credited Budget Rental's payment against this award.  Thus, to trigger Peak's coverage, Taylor must show a judgment in a larger amount.

---

and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

[3] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), notifying Taylor of the summary judgment dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment.  Taylor responded to the motion following the court's *Roseboro* order.

[4] Taylor objects to certain omissions of allegedly relevant facts in the background section of the Report and Recommendation.  This court finds no merit to this objection, as just because a fact is not recited does not mean it was not considered.  In any event, it appears to this court that the Magistrate Judge listed all facts relevant to the issues she deemed it necessary to address.  Taylor also objects that the Magistrate Judge was not correct in noting that he appealed the state court's order entering judgment against Davis for $1,735,000.  This court acknowledges Taylor's objection that although he appealed some aspects of this order, he did not appeal the judgment against Davis.  However, this fact is not relevant to the disposition of the pending motions.

Taylor contends that his "compromise settlement agreement"[5] with Davis, wherein Davis consented to judgment in favor of Taylor in the amount of $1,735,000 in exchange for Taylor dropping his appeal to the jury verdict awarding Taylor damages of $615, triggered Peak's excess coverage. The South Carolina Court of Appeals dismissed Taylor's appeal based on this agreement, and on remand the state court entered judgment against Davis in the amount set forth in the agreement. However, the Magistrate Judge found that the compromise settlement agreement was invalid and thus that the judgment against Davis based on the compromise settlement agreement was not binding on Peak. *See Stonehenge Eng'g Corp. v. Employers Ins. of Wausau*, 201 F.3d 296, 306 (4th Cir. 2000) (holding as unreasonable and invalid a confession of judgment because "an insured should not be allowed to seek indemnity from a liability carrier for *'amounts that the insured does not expect to pay out of its own resources'*" (emphasis in original) (citation omitted)). Finding no judgment in excess of $615 that Peak was obligated to indemnify, the Magistrate Judge recommended that Peak be granted summary judgment.

The majority of Taylor's objections to the Report and Recommendation relate to the interpretation, validity, and effect of his compromise settlement agreement. In general, it appears to be Taylor's view that the state court judgment against Davis based on this agreement is both binding on Peak and "final," such that Peak cannot now challenge it. This also appears to be the basis for Taylor's motion to dismiss based on Res Judicata or Collateral Estoppel. *See* ECF No. 75.

The court finds these objections to be without merit. Judge Lee's order entering judgment against Davis in the state court is certainly binding on Davis, but it is not necessarily

---

[5] Taylor also objects that the Magistrate Judge referred to this agreement as a "confession of judgment," a term he views as pejorative. Although the court does not agree that confession of judgment is a pejorative term, the court will refer to the agreement as a compromise settlement agreement for the purpose of this Order. The label assigned to the agreement has no legal effect.

3

binding on Peak. The Fourth Circuit has clearly stated that "[w]hen the insured in a liability policy settles a claim in litigation against him without trial, the questions which are open for consideration in a suit by the insured to the policy include those which relate to coverage, liability and the extent thereof." *Employers Mut. Liab. Ins. Co. v. Hendrix*, 199 F.2d 53, 54 (4th Cir. 1952). Although the instant case is not a suit by insured (or by his purported assignee) on the policy but rather a declaratory judgment action instituted by the insurer, the principles of *Hendrix* still apply. Davis and Taylor settled the pending appeal and agreed to vacate the jury's verdict, with Davis consenting to judgment being entered against him. With nothing in the record indicating this settlement to be reasonable, the compromise settlement agreement remains a proper subject of inquiry.[6] *See id.* at 60. Therefore, the Magistrate Judge properly considered the validity of this agreement and Taylor's motion to dismiss based on Res Judicata or Collateral Estoppel should be denied.

The court agrees with the Magistrate Judge that the compromise settlement is invalid based on *Stonehenge*, 201 F.3d at 306, and the court adopts her discussion thereof as if set forth herein. Thus, even if Peak's policy provided coverage to Davis, the judgment against Davis is not binding on Peak so as to trigger such coverage. Accordingly, Peak is entitled to summary judgment.

Taylor objects both because he disagrees with the logic of *Stonehenge*, *see* ECF No. 95 at 5–6, 10, and because there is no evidence Davis did not intend to pay, *id.* at 6. These objections are without merit. First, *Stonehenge* is binding on this court. And second, there is evidence Davis did not expect to pay the judgment. In particular, a jury found Taylor's damages to be

---

[6] Taylor cites *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003), in support of his argument that neither the Magistrate Judge nor this court may review the finality of the state court's judgment as to Peak. The court respectfully notes that *Campbell* does not stand for such a proposition and in no way conflicts with the doctrine set forth in *Hendrix* and subsequent cases.

4

$615, but ostensibly in order to remove the threat that the South Carolina Court of Appeals would reverse this verdict and that Davis would be liable for a much higher amount, Davis settled by consenting to judgment in an amount approximately *2800 times greater*. This alone is patently unreasonable and suggests that Davis never had any intention of paying such an amount out of his own resources.[7]

Moreover, at the time Davis entered into the agreement in June of 2011, he was already not personally liable. Specifically, on November 8, 2008, Taylor entered into a covenant not to execute against Davis in exchange for a $25,000 payment from Avis Budget Group, Inc., d/b/a Budget Truck Rental. Among other things, Taylor covenanted with and forever discharged Avis Budget Group and Davis "from any and all claims, demands, suits, actions and causes of action which I can or may have by reason of any matter, cause or thing whatsoever, including but not limited to all claims set forth in the Complaint pending in the Court of Common Pleas for Sumter County, South Carolina, and designated as Civil Action No. 07-CP-40-8423." ECF No. 96-2, at 26. Also, Taylor agreed to discharge Avis Budget Group and Davis from "any and all injuries and damages, past, present and future, now developed and known, and also those which may hereafter be developed and ascertained resulting from an automobile accident which occurred on or about September 7, 2007."[8] *Id.* Furthermore, as discussed in more detail below, in April of

---

[7] Taylor objects that the reasons for this agreement are stated therein and suggests that the Magistrate Judge should have accepted it at face value. *See* ECF No. 95, at 14. For example, Taylor suggests that, as explained in the agreement, if his appeal is successful Davis could have been liable for up to $40,000,000 in damages. Consequently, Taylor explains, settling for $1,735,000 is eminently reasonable. *See id.* at 5–7. However, there is no evidence in the record of damages in excess of $615. In a letter to Peak, Taylor threatened that he would amend his state court complaint against Davis to seek $40,000,000 in damages if Peak did not tender its policy limits, but the record contains no evidence of such damages. *See* ECF No. 31-2, at 5. Absent supporting evidence, the court is not required to accept the terms of the agreement as true.

[8] Taylor suggests that this covenant is invalid, ECF No. 95, at 3, but the court does not agree. In particular, the parties to the original covenant were Avis Budget Group, Davis, and Taylor. Taylor and Davis attempted to modify the covenant several days later to provide that the covenant does not affect an unspecified offer of judgment which "is waiting to be entered by the court" and render "all other" covenants void. However, there is no evidence that Avis Budget Group assented to this amendment or received any consideration therefor, and thus the amended covenant not to execute is invalid for at least these reasons. *See, e.g.*, *Layman v. State*, 630 S.E.2d 265, 269 (S.C.

5

2012, Davis assigned his rights and claims against Peak to Taylor in exchange for a second covenant not to execute.

In light of the above, it is abundantly clear that Davis did not expect to pay the judgment he confessed to out of his own resources. At the time of their agreement, Davis's and Taylor's interests were no longer adverse. In agreeing to have judgment entered against him and to vacate the jury's verdict, Davis had no incentive to avoid an agreement to pay the full amount Taylor sought ($1,735,000) because Taylor had already covenanted not to hold Davis liable. Thus, their settlement is presumptively unreasonable. *Hitt v. Cox*, 737 F.2d 421, 426 (4th Cir. 1984).

The above discussion assumed that Peak's policy to Davis provided coverage to the accident and found that, even if it did, no valid judgment triggered Peak's coverage. If, on the other hand, the court were to assume for the sake of argument that Taylor's judgment against Davis is valid, Peak would still be entitled to summary judgment. This is because, even if Peak's coverage were triggered, neither Davis nor Taylor could seek coverage from Peak under the policy.

More particularly, through his conduct in the underlying lawsuit, Davis breached several provisions of his policy with Peak. For example, Davis had a duty under the policy to cooperate with Peak and assist it "in any manner concerning a claim or lawsuit." If Davis failed to perform this duty, Peak "may refuse to provide any protection or coverage." Here, Davis adamantly refused representation by the attorney Peak retained on his behalf and in fact threatened to report him to the South Carolina Supreme Court Disciplinary Board if he pursued the representation. *See, e.g.*, ECF No. 1-4. Davis also did not respond to communications from Peak. Moreover, the policy does not extend coverage or a duty to defend to "Bodily injury or property damage

---

2006) ("Once the bargain is formed, and the obligations set, a contract may only be altered by mutual agreement and for further consideration.")

6

assumed by an insured person under any contract or agreement." Davis filed an affidavit on February 26, 2008, prior to Peak's notice of the lawsuit, in which he admitted liability for Taylor's alleged injuries. In two different agreements, Davis then consented to judgment in favor of Taylor in the amounts of $1,500,000 and $1,735,000. In short, there is no evidence that Davis desired or attempted to cooperate with or assist Peak in connection with Taylor's lawsuit, and Davis in fact voluntarily assumed damages in contravention of the policy provisions. Therefore, Davis could not have sought coverage under his policy with Peak. As Davis's assignee, Taylor stands in Davis's shoes and cannot seek coverage from Peak, either. *See Twelfth RMA Partners, L.P. v. Nat'l Safe Corp.*, 518 S.E.2d 44, 46 (S.C. Ct. App. 1999).

Based on the above, Peak's motion for summary judgment is granted. Peak had no duty to defend or indemnify Davis with respect to Taylor's claims, either because its coverage was not triggered by a valid judgment in excess of $615 or because Davis could not seek coverage from Peak in the first place.

*Taylor's Counterclaims*

Both Peak and Taylor have moved for summary judgment on Taylor's counterclaims for breach of contract and bad faith. As an initial matter, Taylor is not the insured under the policy, but rather a third party. Before proceeding to the merits of Taylor's claims, then, the Magistrate Judge first looked to the validity of Davis's assignment of his rights under the policy to Taylor. The Magistrate Judge noted that "[t]he Fourth Circuit, applying South Carolina law, has held that a settlement agreement between an insured and an injured party in which the insurer remains liable while the insured is insulated from any personal liability is presumptively unreasonable and therefore invalid." *St. Paul Travelers v. Payne*, 444 F. Supp. 2d 519, 521 (D.S.C. 2006) (discussing *Stonehenge*, 201 F.3d at 306; *Hitt*, 737 F.2d at 426). Finding that the assignment

7

agreement between Davis and Taylor insulated Davis from liability while keeping Peak liable, the Magistrate Judge recommended that the agreement was invalid and that Taylor's counterclaims should fail for this reason.

The court agrees with the Magistrate Judge. Taylor objects that Davis is not insulated from personal liability under the assignment agreement. Referring to the assignment agreement, in April of 2012 Davis assigned to Taylor his rights and any claims he may have against Peak in exchange for Taylor's agreement "not to levy upon [Davis's] real or personal property until the bad faith/breach of contract suit [against Peak] is resolved in [Taylor's] favor & satisfaction," in which case "this (covenant not to execute) [sic] in favor of [Davis] shall become permanent." ECF No. 10-2 at ¶ 11. In other words, the assignment agreement appears to state that Taylor will not execute the $1,735,000 judgment against Davis while he is pursuing his bad faith and breach of contract claims against Peak. If these claims are resolved in Taylor's favor and to his satisfaction, the covenant not to execute becomes permanent and he will never do so. The agreement does not state what happens if a court resolves the claims against Peak in *Peak*'s favor, and it may be Taylor implicitly reserved the right to execute the judgment against Davis personally. Still, the effect of the agreement is that Peak remains on the hook while Davis is free from liability, at least until the resolution of Taylor's claims against Peak and perhaps forever. Thus, the assignment agreement is unreasonable and invalid, even if Davis's personal liability is conditional.[9] *See Hitt*, 737 F.2d at 426. Taylor, as a third party to the policy, has no claims against Peak. Accordingly, the court adopts the Magistrate Judge's recommendation and incorporates her discussion of Taylor's claims into this order.

---

[9] As explained above however, it is not, at least because Taylor had previously covenanted not to execute against Davis personally.

8

Even assuming the assignment agreement is valid, however, and that Taylor can pursue Davis's claims against Peak, Taylor still would not be entitled to summary judgment. As explained above, Peak had no duty to defend or indemnify Davis, and thus Peak did not breach the policy by denying Taylor's demands. Moreover, because Peak had a reasonable basis supporting its decision to deny benefits under the policy, it cannot be liable for bad faith. *See, e.g.*, *Crossley v. State Farm Mut. Auto. Ins. Co.*, 415 S.E.2d 393, 396–97 (S.C. 1992); *Dowling v. Home Buyers Warranty Corp.*, 400 S.E.2d 143, 144 (S.C. 1991).

Based on the above, the court denies Taylor's motion for summary judgment on his counterclaims and grants summary judgment to Peak.

*Taylor's Remaining Objections*

The court finds those objections not addressed above to be without merit. First, Taylor objected to the Report and Recommendation to the extent the Magistrate Judge relied on Peak's "word" as the basis for recommending that Peak be granted summary judgment. In a related objection, Taylor suggests that either that this court in general or the Magistrate Judge in particular is biased against *pro se* litigants because the Magistrate Judge did not state "a disparaging word . . . against Peak's side." ECF No. 95, at 10, 14. The court has reviewed the Report and Recommendation in detail, and it finds that the Magistrate Judge fairly considered all of Taylor's arguments. The court is not required to say anything—unfavorable or otherwise—about both parties' arguments. Rather, its job is to impartially review the facts and the parties' arguments and decide the case on the law.

Next, in several places Taylor objects that his agreements with Davis were in his and Davis's best interest, not necessarily Peak's, and that Davis should not be required to look out for Peak when contemplating settlement. Even if this were true as a general proposition, however, it

9

is also clear, that Davis and Taylor are not permitted to settle a case by allowing recovery of "amounts that the insured does not expect to pay out of its own resources." *Hitt*, 737 F.2d at 426. To allow Taylor to recover in this case "would set a precedent allowing any insured left to defend himself not only to settle at a reasonable amount, but to give away an additional amount up to the liability limit of the policy conditional on a successful indemnity suit against the insurance company." *Id.*

Finally, Taylor objects that the Magistrate Judge did not address his argument that Peak waived its right to deny coverage by failing to send a reservation of rights letter until approximately five years after the underlying accident. As discussed above, however, Peak had no duty to indemnify or defend Davis (or his assignee) in this case for several reasons. Importantly, "South Carolina courts have repeatedly and explicitly held that waiver cannot create coverage and cannot bring into existence something not covered in the policy." *Liberty Mut. Ins. Co. v. Westport Ins. Corp.*, 664 F. Supp. 2d 587, 594 (D.S.C. 2009) (citing *Laidlaw Envtl. Servs. (TOC), Inc. v. Aetna Cas. & Sur. Co.*, 524 S.E.2d 847, 852 (S.C. Ct. App. 1999)). Thus, by arguing waiver, Taylor cannot force Peak to cover a liability which its policy does not require it to cover.

CONCLUSION

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the Court finds the Magistrate Judge's recommendation to be proper. Peak had no duty to defend or indemnify Davis with respect to Taylor's claims, and thus Peak's motion for summary judgment is hereby granted. Peak did not breach its contract with Davis, and it had a reasonable basis for denying coverage under the policy. Therefore, Taylor's motion for summary judgment is denied, and Peak is entitled to judgment as a matter of law on Taylor's

counterclaims. The court agrees with the Magistrate Judge that Taylor's motion to amend his counterclaims is futile, as the proposed amendment would not change this result. Thus, Taylor's motion to amend his counterclaims is also denied. Taylor's motion to dismiss based on Res Judicata or Collateral Estoppel is likewise denied.

In light of the foregoing, the remaining motions are hereby terminated, and this case is dismissed with prejudice.

IT IS SO ORDERED.

March 21, 2013
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

11